IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

ALBERTO ARTHUR,

                  Petitioner,

  -vs-                                          No. 09-CV-6130-CJS-VEB
                                                  REPORT AND RECOMMENDATION

DHS/ICE District Attorney General
of Buffalo, NY TERRANCE P. FLYNN/Assistant
Chief CAROL G. BRIDGE, Facility Director of
Buffalo Federal Detention Facility of Batavia, NY,
MARTIN D. HERRON, Field Office of Detention
and Removal Operation Director of Buffalo, NY,
MICHAEL T. PHILLIPS, District Director
of U.S.C.I.S. of Buffalo, NY, FRANCES HOLMES,
Field Operations Director of U.S.C.I.S. of Buffalo,
NY, EDWARD A. NEWMAN, Administration Law
Court of Immigration of Batavia, NY,
JOHN B. REID,

                  Respondents.
_____

I.      **Factual Background and Procedural History**

This habeas proceeding pursuant to 28 U.S.C. § 2241 was filed by *pro se* petitioner Alberto Arthur ("Arthur" or "Petitioner"),[1] a native and citizen of Panama and an alien under a final order of removal from the United States.[2] Arthur's habeas petition challenges his continued

---

[1] On February 13, 2009, Arthur filed a petition for writ of habeas corpus in the Northern District of New York. *See Arthur v. DHS/ICE, et. al.*, 9:09cv165 (N.D.N.Y). On March 11, 2009, the Northern District Court issued an order that transferred the case to this Court and dismissed Arthur's citizenship claim, without prejudice, for lack of jurisdiction.

[2] Removal proceedings against Arthur were initiated by a Notice to Appear, dated March 30, 2006, which charged Arthur, pursuant to Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), with being subject to removal from the United States as an alien who has been convicted of an aggravated felony offense for which a term of imprisonment of at least one year was imposed. The extensive procedural history in this case is amply set forth in the Government's Answer and Return (Docket Nos. 8-1, 8-2, & 8-3).

detention in custody of the United States Department of Homeland Security, Immigration and Customs Enforcement (collectively hereinafter "DHS/ICE") and seeks an order releasing him from custody. *See* Docket No. 1. Arthur also filed a motion to appoint counsel.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) for the issuance, *inter alia*, or a report and recommendation regarding the disposition of Arthur's petition.

On March 17, 2010, this Court directed respondents (collectively hereinafter "the Government") to provide an update regarding the status of Arthur's immigration proceedings and to respond to his motion to appoint counsel. *See* Docket No. 15. The Government's response (Docket No. 16) summarized the history of Petitioner's removal proceedings. I note particularly the events since Arthur's filing of the instant habeas petition. On April 6, 2009, in remanded removal proceedings from the Second Circuit Court of Appeals, an immigration judge ("IJ") ordered Arthur removed from the United States to Panama. On April 28, 2009, Arthur filed a motion to reopen with the BIA; on May 1, 2009, Arthur appealed the IJ's decision to BIA. On July 23, 2009, the BIA denied Arthur's appeal. Arthur subsequently filed a Petition for Review in the Second Circuit Court of Appeals to challenge the BIA's decision. *See Arthur v. Holder*, No. 09-3417-ag (2d Cir.). *See generally* Docket No. 16-1. On January 15, 2010, the Second Circuit Court denied Arthur's Petition for Review and on March 18, 2010, on the basis that it lacked an arguable basis in law or fact. *See* Docket No. 16-2 (Second Circuit Docket Entries). The Second Circuit Court denied Petitioner's motion for reconsideration and rehearing *en banc* and on March 18, 2010, the Second Circuit's order was issued as a Mandate. *See id.* Thus, Arthur became subject to a final order of removal. *See* Affidavit of Gail Y. Mitchell, Esq., AUSA, ¶¶6-8

(Docket No. 16-1). The Government indicated that DHS/ICE had reported that arrangements for Arthur's removal were complete, and his removal was imminent given that there were no longer any obstacles to his removal. *See id.* (Docket No. 16-1).

The Government then filed the pending motion to dismiss (Docket No. 17) on the basis that the petition has been rendered moot by virtue of Arthur's deportation from the United States on March 23, 2010, which released him from DHS/ICE's administrative custody. *See* Affidavit of Gail Y. Mitchell, Esq., AUSA and Exhibit A (copies of DHS/ICE documents confirming Arthur's removal from the United States) (Docket Nos. 17-1, 17-2) and Memorandum of Law (Docket No. 18).

For the reasons set forth herein, Arthur's petition for a writ of habeas corpus should be dismissed and his request for appointment of counsel should be denied.

## II. Discussion

Section 2241(c)(1) of Title 28 of the United States Code provides that district courts may consider habeas petitions from prisoners "in custody under or by color of the authority of the United States." 28 U.S.C. § 2241(c)(1). "The 'in custody' requirement is satisfied if the petitioner files the habeas petition before being deported." *So v. Reno*, 251 F. Supp.2d 1112, 1120 (E.D.N.Y. 2003) (citing *Gonzalez v. INS*, No. 01 Civ. 6229(HB), 2002 WL 31444952, at *3 (S.D.N.Y. Oct. 31, 2002) (stating that petitioner satisfies "in custody" requirement of 28 U.S.C. § 2241 so long as he is in physical custody at the time the petition is filed even if petitioner is later deported)).

"A non-citizen who has been deported must go beyond satisfying the 'in custody' requirement of the federal habeas statute; it must also be demonstrated that the case is not moot

as a result of the deportation." *So*, 251 F. Supp.2d at 1120-21. "'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)); *accord County of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000); *New York City Employees' Retirement System v. Dole*, 969 F.2d 1430, 1433 (2d Cir.1992). The Supreme Court has explained that

> when the challenged conduct ceases such that "'there is no reasonable expectation that the wrong will be repeated,'" *United States v. W.T. Grant Co.*, 345 U.S. 629, 633, 73 S. Ct. 894, 97 L. Ed. 1303 (1953), then it becomes impossible for the court to grant "'any effectual relief whatever' to [the] prevailing party," *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12, 113 S. Ct. 447, 121 L. Ed.2d 313 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653, 16 S. Ct. 132, 40 L. Ed. 293 (1895)). In that case, any opinion as to the legality of the challenged action would be advisory.

*County of Erie v. Pap's A.M.*, 529 U.S. at 287.

The Government argues that because Arthur's removal has been effected, the only relief he requested in his petition–namely, release from continued detention in administrative custody–has been granted. *See* Respondent's Supporting Memorandum of Law at 3, 4 (Docket No. 18). Consequently, respondents argue, the petition has been rendered moot and can be dismissed. *Id.* (Docket No. 18); *see also* Mitchell Aff., ¶¶6-7 (Docket No. 17).

Here, by this habeas corpus petition, the only remedy that Arthur properly could seek was release from detention in administrative custody.[3] Respondents now have submitted

---

[3]  The Real ID Act of 2005, Pub.L. No. 109-13, § 106(b), 119 Stat. 231 (2005), divested the district courts of jurisdiction over challenges to the validity of removal orders, *see Sandher v. Gonzales*, 481 F.3d 108, 110 (2d Cir. 2007). However, "[d]istrict courts retain jurisdiction over matters independent of removal challenges." *Maiwand v. Ashcroft*, No. CV-04-3185, 2005 WL 2340466, at *3 (E.D.N.Y. Sept. 26, 2005) (citing *Singh v. Chertoff*, 2005 WL 2043044, at *3 (N.D.Cal. Aug. 24, 2005) (holding that termination of petitioner's asylum status falls outside the scope of the jurisdictional bar of the REAL ID Act); *Harrison v. Hogan*, 2005 WL 2020711 (M.D.Pa. July 18, 2005) (retaining jurisdiction over petitioner's habeas challenge of detention); *Kanteh v. Ridge*,

documentation showing that DHS accomplished Arthur's removal from the United States on March 23, 2010. *See* Affidavit of Gail Y. Mitchell, Esq. ("Mitchell Aff."), ¶4 (Docket No. 17). The Government has attached a copy of the Warrant of Removal/Deportation along with a copy of the confirmation of execution of the warrant by the Deportation Officer. *See* Mitchell Aff., ¶5; Ex. A to Mitchell Aff. (Docket No. 17-2).

I agree with the Government that because Arthur has been deported, the only relief available to him in this habeas proceeding–namely, release from continued detention in administrative custody–has been granted. As the Government argues, when the parties have no legally cognizable interest or practical personal stake in a dispute and a court is therefore incapable of granting a judgment that will affect the legal rights as between the parties, there is mootness in the constitutional sense. Respondent's Memorandum of Law at (citing *Davis v. New York*, 316 F.3d 93, 99 (2d Cir. 2002) ("Under Article III, section 2 of the Constitution, federal courts lack jurisdiction to decide questions that cannot affect the rights of litigants in the case before them.")). Arthur's habeas petition no longer presents a "live" case or controversy for purposes of satisfying Article III, Section 2 of the United States Constitution. *See Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."). Therefore, it should be dismissed as moot. *See So v. Reno*, 251 F. Supp.2d at 1124 ("Mr. So's challenge to the lawfulness of the length of time that he has been held in the physical custody of the INS is moot. Since Mr. So has already been deported, it is impossible to grant his request for supervised

---

2005 WL 1719217, at *1 (D. Minn. June 30, 2005) (transferring the part of petitioner's case that sought review of removal order to the court of appeals, but retaining jurisdiction over petitioner's challenge of his continued detention)).

release or release on bond or supervision until he can be deported.").

Furthermore, the Court agrees with the Government that its motion to dismiss the petition on grounds of mootness also provides grounds for denial of the Petitioner's motion to appoint counsel to represent him in this habeas proceeding. Resp't Mem. at 4 (Docket No. 18); Mitchell Aff., ¶8 (Docket No. 17). Accordingly, I recommend finding that Arthur's motion to appoint counsel is moot and therefore also should be denied with prejudice.

## III. Conclusion

For or the reasons stated above, the Court recommends that respondent's motion to dismiss be granted and that Alberto Arthur's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed as moot. The Court further recommends that Arthur's motion to appoint counsel also be dismissed as moot. Because the Court believes that Arthur has not made a substantial showing of a denial of a constitutional right, the Court recommends that a certificate of appealability not issue. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000).

/s/ Victor E. Bianchini

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: April 15, 2010
      Rochester, New York.

# ORDER

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The District Court ordinarily will refuse to consider on *de novo* review arguments, case law and evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. *See*, *e.g.*, *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to

Petitioner and Respondents.

**IT IS SO ORDERED.**

/s/ Victor E. Bianchini

---
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: April 15, 2010
       Rochester, New York